**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTOPHER A. HUGHES,**

                          **Plaintiff,**                    **1:10-cv-1489**
                                                      **(GLS/RFT)**

           **v.**

**TOWN OF BETHLEHEM et al.,**

                          **Defendants.**
_____

## <u>SUMMARY ORDER</u>

Plaintiff Christopher A. Hughes commenced this action against

defendants Town of Bethlehem and Police Chief Louis Corsi pursuant to

42 U.S.C. § 1983, alleging violations of his First Amendment rights of union

association[1] and free speech.  (*See* Compl., Dkt. No. 1.)  Pending is

defendants' motion for reconsideration.  (*See* Dkt. No. 34.)  For the

reasons that follow, the motion is denied.

Motions for reconsideration proceed in the Northern District of New

_____

[1] Hughes' freedom of association and freedom of speech claims are
subject to the same requirements.  *See Cobb v. Pozzi*, 363 F.3d 89, 102-
03 (2d Cir. 2006).

York under Local Rule 7.1(g).[2]  "In order to prevail on a motion for

reconsideration, the movant must satisfy stringent requirements."  *C-TC*

*9th Ave. P'ship v. Norton Co.* (*In re C-TC 9th Ave. P'ship*), 182 B.R. 1, 2

(N.D.N.Y. 1995).  A motion for reconsideration "will generally be denied

unless the moving party can point to controlling decisions or data that the

court overlooked—matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court."  *Shrader v. CSX*

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  The prevailing rule

"recognizes only three possible grounds upon which motions for

reconsideration may be granted; they are (1) an intervening change in

_____

[2] Northern District of New York Local Rule 7.1(g) provides:

> Unless FED. R. CIV. P. 60 otherwise governs, a party may file
> and serve a motion for reconsideration or reargument no later
> than **FOURTEEN DAYS** after the entry of the challenged
> judgment, order, or decree.  All motions for reconsideration
> shall conform with the requirements set forth in L.R. 7.1(a)(1)
> and (2).  The briefing schedule and return date applicable to
> motions for reconsideration shall conform to L.R. 7.1(b)(2).  A
> motion for reconsideration of a Magistrate Judge's
> determination of a non-dispositive matter shall toll the fourteen
> (14) day time period to file objections pursuant to L.R. 72.1(b).
> The Court will decide motions for reconsideration or
> reargument on submission of the papers, without oral
> argument, unless the Court directs otherwise.

N.D.N.Y. L.R. 7.1(g).

controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Shrader*, 70 F.3d at 257.

Here, defendants have wholly failed to raise any basis for the court to reconsider its prior rulings.  They continue to assert the same arguments previously addressed.  In other words, they have not offered any information—factual or legal—that would satisfy any of the three possible grounds warranting reconsideration.  Accordingly, the court denies the motion.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for reconsideration (Dkt. No. 34) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

June 10, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

3